WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nirobia G. Bracy, | No. CV-15-02347-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Phoenix, City of, et al., | |
| Defendants. | |

Pending before the Court are two motions filed by Defendants City of Phoenix, Phoenix Police Department and Ryan Sinder[1] ("Defendants"): (1) Amended Motion to Dismiss (Doc. 10) and (2) Motion for Summary Disposition (Doc. 11). On January 11, 2016, Defendants requested the Court to dismiss Plaintiff's lawsuit. (Doc. 10). To this date, Plaintiff has not filed a response to Defendants' Amended Motion to Dismiss. On March 8, 2016, Defendants requested the Court to grant Summary Disposition on their Amended Motion to Dismiss. (Doc. 11). The Court now rules on the motions.

## I.    Background

On October 16, 2015, Plaintiff filed a complaint against Defendants in the Superior Court of Arizona in Maricopa County alleging that his personal property was illegally seized and searched in violation of his "Fourth Amendment rights guarantee[d]

---

[1] The Court notes that the docketing of this case refers to the arresting Phoenix Police Department Officer as "Ryan Sinder." The captions of Defendants' motions also refer to him as "Ryan Sinder," *see* (Docs. 10, 11), but reference him in discussions as "Ryan Snider," *see e.g.*, (Doc. 10 at 2). The Court will refer to the Officer as Ryan Sinder.

by the United States Constitution." (Doc. 1-1 at 2). Pursuant to 28 U.S.C. § 1441(a), Defendants removed the case to this Court on November 18, 2015. (Doc. 1 at 2).

Plaintiff claims that on October 18, 2013, Officer Ryan Sinder of the Phoenix Police Department approached him after he exited a Wireless Toyz store in Phoenix, Arizona and inquired what Plaintiff was doing inside the store. (Doc. 1-1 at 2). Plaintiff allegedly responded by stating he had dropped off his phones at the store for repair. (*Id.*) According to Plaintiff, Officer Sinder then "immediately told [Plaintiff] he was under arrest." (*Id.*) Next, Plaintiff claims that he watched Officer Sinder enter Wireless Toyz for several minutes and return with "what appeared to be the phones [Plaintiff] had dropped of [sic] minutes before in his hand." (*Id.* at 3). Plaintiff alleges that Officer Sinder then asked him if the items belonged to him, and Plaintiff affirmatively responded. (*Id.*) Plaintiff claims that Officer Sinder told him that the Wireless Toyz employees, "Jesus and Mary," were not interested in Plaintiff's business and that the employees forced Officer Sinder to take the phones. (*Id.*) Plaintiff finally claims that he called Wireless Toyz the following day and that the store employees informed him that Officer Sinder had demanded that they turn over Plaintiff's phones and threatened them with prosecution if they did not comply. (*Id.*)

Importantly, Plaintiff filed a nearly identical lawsuit regarding the alleged October 18, 2013 incident in Maricopa County Superior Court on July 23, 2014, which the defendants[2] removed to the U.S. District Court for the District of Arizona. *See* Notice of Removal, *Bracy I* (D. Ariz. Dec. 26, 2014), at ECF No. 1. In that lawsuit, Plaintiff claimed that "on 10-18-2013 Phoenix Police Department violatend [sic] my civil rights by obtaining two work phones . . . without a search warrant[.]" Complaint, *Bracy I* (D. Ariz. Dec. 26, 2014), at ECF No. 1-1 at 17. Several days later, the defendants filed a motion to dismiss Plaintiff's lawsuit, *see* Motion to Dismiss, *Bracy I* (D. Ariz. Dec. 30,

---

[2] The named defendants in Plaintiff's former suit included each of the named Defendants in this case as well as several additional members of the City of Phoenix Police Department. *See* Civil Cover Sheet, *Bracy v. City of Phoenix*, CV-14-02780-PHX-GMS ("*Bracy I*") (D. Ariz. Dec. 26, 2014), at ECF No. 1-1 at 14; (Doc. 1-1 at 2).

1    2014), at ECF No. 3, which U.S. District Court Judge G. Murray Snow granted in full,
2    *see* Order, *Bracy I* (D. Ariz. Mar. 17, 2015), at ECF No. 10.[3] Having briefly summarized
3    the relevant allegations in this case and procedural background of *Bracy I*, the Court now
4    analyzes Defendants' Amended Motion to Dismiss.

5    **II.    Amended Motion to Dismiss**

6        Defendants' principal argument for dismissal under Federal Rule of Civil
7    Procedure ("Rule") 12(b)(6) is the affirmative defense of *res judicata*. (Doc. 10 at 2–3).
8    Defendants also assert that: (1) Plaintiff's complaint fails to state a claim under *Ashcroft*
9    *v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007),
10   (2) Plaintiff failed to establish liability against the City of Phoenix, and (3) the Phoenix
11   Police Department is a non-jural entity that should be dismissed from the lawsuit.
12   (Doc. 10 at 4–6).

13   **A.    Legal Standard for *Res Judicata***

14       Rule 12(b)(6) states that a party may move to dismiss a claim for "failure to state
15   a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Generally,
16   affirmative defenses like *res judicata* must be raised in a responsive pleading, but the
17   Ninth Circuit has held that a party may raise a *res judicata* defense by motion rather than
18   by answer where the merits of the defense can be determined on the face of the
19   complaint. *See Guam Inv. Co. v. Cent. Bldg., Inc.*, 288 F.2d 19, 24 (9th Cir. 1961) ("It
20   appears to us that before an action may be summarily dismissed on the ground of res
21   judicata the ends of justice require as a minimum that the defense of res judicata appear
22   from the face of the complaint.").

23       The doctrine of *res judicata* shields "litigants from the burden of relitigating an
24   identical issue" and advances "judicial economy by preventing needless litigation."
25   *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). *Res judicata* bars a claim

26   _____

27       [3] In his Order, Judge Snow inadvertently noted the date of the alleged incident as
28   October 24, 2013. *Id.* As stated in the former complaint, however, the actual date of the alleged incident was October 18, 2013. Complaint, *Bracy I* (D. Ariz. Dec. 26, 2014), at ECF No. 1-1 at 17.

where "there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 n.3 (9th Cir. 2002) (internal quotations and citation omitted). Namely, an "[i]dentity of claims exists when two suits arise from the same transactional nucleus of facts." *Id.* Privity, as it relates to the doctrine of *res judicata*, exists when a party is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (internal quotations and citation omitted).

**B.     Analysis**

After comparing the claims found in Plaintiff's Complaint with those he alleged in the complaint in *Bracy I*, the Court finds that Plaintiff's lawsuit is barred by the doctrine of *res judicata*. First, because the action pending before this Court contains the same nucleus of facts as *Bracy I*, an identity of claims exists. As he did in *Bracy I*, Plaintiff alleges civil rights violations against the Phoenix Police Department for an illegal search and seizure of his personal property—two cellular phones—on October 18, 2013. *Compare* Complaint, *Bracy I* (D. Ariz. Dec. 26, 2014), at ECF No. 1-1 at 17 ("[O]n 10-18-2013 Phoenix Police Department violatend [sic] my civil rights by obtaining two work phones . . . without a search warrant[.]"), *with* (Doc. 1-1 at 2) ("On October 18th 2013, . . . City of Phoenix and Phoenix [P]olice Officer Sinder . . illegally and unlawfully seiz[ed] the person [sic] property of Bracy and [s]earch[ed] thought [sic] the private contents it contain[ed] without a search warrant did [sic] in fact violated [sic] the [P]laintiff['s] Fourth Amendment right's [sic] . . . .").[4] Thus, because the alleged arresting police

[4] There are only diminutive differences between Plaintiff's claims in his former suit and in this case. In *Bracy I*, Plaintiff did not name Officer Sinder as a defendant in the complaint, *see* Complaint, *Bracy I* (D. Ariz. Dec. 26, 2014), at ECF No. 1-1 at 17, although Officer Sinder was named as a defendant elsewhere on the record, *see* Civil Cover Sheet, *Bracy I* (D. Ariz. Dec. 26, 2014), at ECF No. 1-1 at 14. Also, Plaintiff alleged a Due Process violation in his former suit, *see Bracy I* (D. Ariz. Dec. 26, 2014), at ECF No. 1-1 at 17, whereas he specified a Fourth Amendment violation here, *see* (Doc. 1-1 at 2). However, these slight differences are not sufficient to overcome an identity of claims because *res judicata* bars a party from relitigating "facts actually litigated" as well as "those points that might have been litigated." *Olson v. Morris*, 188 F.3d 1083, 1086 (9th Cir. 1999) (citation omitted).

officer, type of personal property seized, location of incident, and date of incident alleged in Plaintiff's former and current complaints are all the same, the two lawsuits "arise from the same transactional nucleus of facts" and an identity of claims exists. *See Stratosphere*, 298 F.3d at 1142 n.3.

Second, Judge Snow made a final judgment on the merits and dismissed Plaintiff's former suit. *See* Order, *Bracy I* (D. Ariz. Mar. 17, 2015), at ECF No. 10 ("Defendant's Motion to Dismiss . . . is granted."); Clerk's Judgment, *Bracy I* (D. Ariz. Mar. 17, 2015), at ECF No. 11 ("Plaintiff to take nothing, and the complaint and action are dismissed."). Rule 41(b) states that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal . . . other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b). The Supreme Court of the United States has confirmed that where "allegations in the complaint do not state a ground for relief," then dismissal of the case is a judgment "on the merits" to which *res judicata* applies. *Bell v. Hood*, 327 U.S. 678, 682 (1946). Judge Snow granted the defendants' motion to dismiss in Plaintiff's former suit pursuant to 28 U.S.C. § 1915. *See* Order, *Bracy I* (D. Ariz. Mar. 17, 2015), at ECF No. 10. Thus, Plaintiff's claim in *Bracy I* was dismissed because it "'fail[ed] to state a claim on which relief may be granted . . . .'" Motion to Dismiss, *Bracy I* (D. Ariz. Dec. 30, 2014), at ECF No. 3 (quoting 28 U.S.C. § 1915(e)(2)(ii)). For these reasons, there was a "final judgment on the merits" in Plaintiff's former suit. *See Stratosphere*, 298 F.3d at 1142 n.3.

Third, it is indisputable that privity exists between the parties in *Bracy I* and this case. As in *Bracy I*, the current suit represents the same rights of the named parties with respect to the subject matter involved. *Compare* Complaint, *Bracy I* (D. Ariz. Dec. 26, 2014), at ECF No. 1-1, *with* (Doc. 1-1 at 1).

## C.    Conclusion

For these reasons, the Court concludes that Plaintiff's current lawsuit is barred by the doctrine of *res judicata*. *See Stratosphere*, 298 F.3d at 1142 n.3. Because the Court

finds that *res judicata* resolves this matter in its entirety, the Court does not evaluate Defendants' other grounds for dismissal.

**III.   Motion for Summary Disposition**

Defendants also moved for summary disposition of their motion to dismiss pursuant to Rule 41(b) and Local Rule of Civil Procedure for the District of Arizona 7.2(i), *see* (Doc. 11 at 1), both of which require a party to file a response to an opposing party's motion, *see* Fed. R. Civ. P. 41(b); LRCiv 7.2(i). Here, it is undisputed that Plaintiff did not respond to Defendants' Amended Motion to Dismiss. However, because the Court has already found that Plaintiff's lawsuit is precluded on *res judicata* grounds, the Court will deny Defendants' Motion for Summary Disposition as moot.[5]

**IV.   Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Amended Motion to Dismiss (Doc. 10) is **GRANTED**. The Clerk of Court shall enter judgment accordingly and dismiss this case with prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Disposition (Doc. 11) is **DENIED AS MOOT**.

Dated this 6th day of April, 2016.

James A. Teilborg
Senior United States District Judge

---

[5] Even if the Court were to resolve the Motion for Summary Disposition on its merits, Defendants failed to properly support the motion. The Ninth Circuit requires a district court to apply a five-factor balancing test before dismissing a complaint due to a party's failure to follow the court's local rules. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (holding that a district court must weigh five factors in determining whether to dismiss a case for failure to abide by a district court's local rules under Fed. R. Civ. P. 41(b)). Here, Defendants failed to address the *Henderson* five factors in their Motion for Summary Disposition. *See* (Doc. 11).